UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA WILLIAMS,

        Plaintiff,                      CIVIL ACTION NO. 04-CV-70648-DT

        vs.                              DISTRICT JUDGE GERALD E. ROSEN

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendant's Motion For Summary Judgment be GRANTED, and Plaintiffs Motion for Summary Judgment be DENIED.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision of the Commissioner of Social Security that the Plaintiff was not entitled to Supplemental Security Income ("SSI") under XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 1381a. The issue for review is whether there was adequate support for the Commissioner's decision that the Plaintiff is not disabled.

Plaintiff Patricia Williams first filed an SSI application on June 26, 2001. (Tr. 42-44). Plaintiff's application was denied on October 15, 2001. (Tr. 29-32). Plaintiff sought administrative review and received a hearing before ALJ Douglas N. Jones on July 11, 2003. (Tr. 244-286). Plaintiff appeared at the hearing without counsel. The ALJ denied Plaintiff's claims in an opinion issued on September 9, 2003. (Tr. 18-26). Defendant denied Plaintiff's request for reconsideration of the hearing decision, and the ALJ's decision is now the final decision of the Commissioner. (Tr. 3); 20 C.F.R. § 404.981. Having retained counsel, Plaintiff has appealed the ALJ's decision to this court. Both Parties have filed motions for summary judgment.

## MEDICAL HISTORY

Plaintiff was born on March 4, 1955.  (Tr. 42).  On July 12, 1999 Kevin Tishkowski, D.O. examined Plaintiff.  (Tr. 95-96).  Dr. Tishkowski concluded Plaintiff's low back pain was most likely secondary to a urinary tract infection.  *Id.*  On July 22, 1999 Walter Bauer, P.T. noted that Plaintiff had obvious muscle guarding and pain in the cervical and thoracic spine.  (Tr. 105).  He noted that Plaintiff moved slowly and walked with a slight limp.  *Id.*  On August 23, 1999 Mr. Bauer discharged Plaintiff from physical therapy, noting that she had cancelled or failed to appear for four office visits, and exhibited a lack of compliance with her home exercise program.  (Tr. 102).

Plaintiff continued to complain of back pain and was examined by Lance Freeman, M.D. on October 8, 1999.  (Tr. 110-111).  Dr. Freeman prescribed Tylenol #3 and Flexeril, and advised Plaintiff to return if her symptoms worsened.  *Id.*  On November 3, 1999 Plaintiff was examined by Kevin F. Brown, D.O.  (Tr. 117-118).  Dr. Brown opined that Plaintiff had a somatic dysfunction of the thoracic and lumbar spine, and recommended that Plaintiff undergo further study to determine if she had an underlying spinal pathology.  *Id.*  An MRI of Plaintiff's spine performed on November 18, 1999 showed some degenerative disc changes at the L5-S1 level, but no evidence of disc herniation.   (Tr. 113).  EMG and nerve conduction studies of Plaintiff's lumbar spine and right leg performed on November 19, 1999 showed no abnormality.  (Tr. 115). On December 29, 1999 Dr. Brown recommended that Plaintiff undergo additional physical therapy.  (Tr. 114).

On February 14, 2001 Siva Sankaran, M.D. evaluated Plaintiff on behalf of the Michigan Disability Determination Service.  (Tr. 133-135).  Dr. Sankaran concluded that Plaintiff had minimal limitation of motion in the lumbar spine secondary to a back sprain in June 1999.  She observed no clinical signs of radiculopathy, muscle wasting, or atrophy.  *Id.*

On August 21, 2001 John D. Bartone, M.D. performed a residual functional capacity assessment of Plaintiff. (Tr. 170). He concluded that Plaintiff could carry up to 10 pounds frequently and up to twenty pounds on occasion, could only occasionally climb stairs, stoop, kneel, crouch, or crawl, and could never climb scaffolds. (Tr. 171-172). On September 13, 2001 Mark A Zaroff, M.A. performed a psychological evaluation of Plaintiff. (Tr. 178-183). He concluded that Plaintiff had a chonic adjustive disorder with depressed mood, and gave Plaintiff a Global Overall Assessment of Functioning Score of 60 points out of 100. *Id.* On October 1, 2001 Ronald C. Marshall, Ph.D., L.P. performed a mental residual functional capacity assessment and psychiatric review technique on Plaintiff. (Tr. 186-203). He concluded that Plaintiff was moderately restricted in her ability to interact appropriately with the general public, accept instructions, or respond appropriately to criticism.

Plaintiff saw Albert Malapit, M.D. repeatedly from February 15, 2002 through May 12, 2003 for management of back, knee, shoulder, gastric, and osteoarthritic pain. (Tr. 204-224).

## **HEARING TESTIMONY**

Plaintiff testified before ALJ Douglas N. Jones on July 11, 2003. (Tr. 244). Plaintiff appeared without counsel. (Tr. 246). The ALJ noted that Plaintiff would be permitted to supplement the medical record, and instructed her on how to do so. (Tr. 249). The ALJ then interviewed Plaintiff concerning her medical complaints and her past work and educational history. (Tr. 250-279).

Timothy Shaner, a vocational expert, also testified at the hearing. (Tr. 279). The vocational expert was asked to testify about the availability of jobs for a hypothetical person of Plaintiff's age, gender, and educational level who had certain functional limitations. The ALJ asked the vocational expert to testify about the availability of work for a person capable of performing light work with only occasional bending at the waist and knees, only occasional interaction with supervisors or members of the public, no kneeling, no crawling, no climbing stairs or ladders, no overhead reaching with the

dominant arm, no detailed instructions, and extended periods of concentration. (Tr. 281-282). The vocational expert testified that such a person would be able to perform some of Plaintiff's past work. (Tr. 282). The vocational expert also testified that this hypothetical person would be able to perform in several thousand light and sedentary jobs in the regional economy. (Tr. 282-283).

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that:

>   (1)   he was not presently engaged in substantial gainful employment; and
>
>   (2)   he suffered from a severe impairment; and
>
>   (3)   the impairment met or was medically equal to a "listed impairment;" or
>
>   (4)   he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented her from doing her past work, the Commissioner would, at step five, consider his RFC, age, education and past work experience to determine if he could perform other work. If she cannot, she would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

Plaintiff first argues that the ALJ's step four finding that Plaintiff was able to perform some of her past work was error because the ALJ reached this finding while relying in part on the testimony of a vocational expert. Plaintiff correctly notes that the ALJ must make particularized factual findings at step four, and cannot delegate his entire fact finding responsibility to the vocational expert. *See Hargenrader v. Califano*, 575 F.2d 434 (3d Cir. 1978). Plaintiff also correctly notes that an ALJ may sometimes make a proper step four finding without the benefit of vocational expert testimony. *See Dodds. V. Comm'r of Soc. Sec.*, 2002 U.S. Dist. LEXIS 14901 (E.D. Mich. 2002). Plaintiff incorrectly reads these cases together to argue that it is reversible legal error for an ALJ to rely on the testimony of a vocational expert to support a step four finding. In this case, the ALJ made the required specific

findings of fact concerning Plaintiff's residual functional capacity and the functional demands of her past relevant work. *See* S.S.R. 82-62. The ALJ then properly relied on a vocational expert to determine if Plaintiff's current functional capacity was compatible with the demands of her past work.

Plaintiff also argues that the ALJ failed to adequately account for Plaintiff's deficits in maintaining concentration, persistence, and pace in formulating Plaintiff's RFC. Plaintiff argues that the ALJ was bound to conclude, as he did not, that Plaintiff was unable to perform work with high quotas. The ALJ determined Plaintiff was moderately restricted in her "ability to maintain concentration, persistence, or pace." (Tr. 23). In forming Plaintiff's RFC and instructing the vocational expert, the ALJ was more specific, finding that Plaintiff was moderately limited in her ability to interact appropriately with the general public, accept instructions, or respond appropriately to criticism. The mental residual functional capacity assessment made by Ronald C. Marshall, Ph.D. listed these specific limitations under the general heading of limitations in sustained concentration and persistence. (Tr. 186). Dr. Marshall's report and the psychological evaluation of Mark A. Zaroff, M.A. both support the ALJ's RFC finding in this case. There is no other evidence on the record regarding the severity of Plaintiff's mental limitations. The ALJ was therefore entitled to rely on these two reports in forming Plaintiff's RFC, and made an RFC finding that was sufficiently specific given the state of the evidence.

## **RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be DENIED, and. Defendant's Motion for Summary Judgment should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 24, 2006                              s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 24, 2006                              s/ Lisa C. Bartlett
                                                     Courtroom Deputy